Mariros **GHAZARIAN, Petitioner,**

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 02–73996.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Carolyn Piccotti, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Mariros Ghazarian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review in part, deny it in part, and remand for further proceedings.

Ghazarian's due process and regulatory challenges to the BIA's streamlining of his case are foreclosed. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.
1. We reject the government's argument that Ghazarian failed to exhaust the discrete issue

The IJ concluded that Ghazarian was "not abus[ed] . . . because of the respondent's political opinion, but because he [became] a nuisance." While "retaliation completely untethered to a governmental system does not afford a basis for asylum . . . many persecutors have mixed motives. In such instances, personal retaliation against a vocal political opponent does not render the opposition any less political, or the opponent any less deserving of asylum." *Grava v. INS*, 205 F.3d 1177, 1181 n. 3 (9th Cir.2000); *see also Lim v. INS*, 224 F.3d 929, 934 (9th Cir.2000) ("the threats to Lim are accurately viewed as 'revenge plus'—revenge partly motivated by (and thus on account of) imputed adverse political opinion").

Ghazarian testified credibly that his group's campaign to secure pension benefits included efforts to recall members of parliament who had voted to change the labor law. The record compels the conclusion that aspects of Ghazarian's claim, such as threats and accompanying violence by government personnel aimed at halting his activities, were "motivated, at least in part, by an actual or implied protected ground." *Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc) (quotation marks and citation omitted).[1]

The IJ denied Ghazarian's application without reaching the issue of whether he demonstrated past persecution or a well-founded fear of persecution. We therefore remand this matter for further proceedings to reassess the evidence and determine whether Ghazarian is eligible for asylum or withholding of removal and, if so, for an exercise of discretion. *See He v.*

of mixed-motive persecution. Ghazarian's brief to the BIA cited authority for mixed-motive analysis in arguing that the alleged persecution was on account of political opinion.

*Ashcroft,* 328 F.3d 593, 603–04 (9th Cir. 2003).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.